25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Jackie FLOOD, a/k/a Jackie Fludd, a/k/a Jackie
Flood, Defendant-Appellant.
 No. 92-5821.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 17, 1993.
Decided: May 26, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CR-91-406-3)
 Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Eric Wm. Ruschky, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Jackie Flood was convicted of being a felon in possession of a firearm, 18 U.S.C.A. Secs. 922(g), 924(e) (West Supp.1992). In sentencing him, the district court departed upward from the mandatory minimum sentence of 180 months to 300 months on the ground that a death resulted from his offense.* United States Sentencing Commission, Guidelines Manual, Sec. 2K2.1 (Nov.1989). He appeals this sentence, contending that there was insufficient factual support for the departure. We affirm.
 
 
 2
 Our review of a departure generally consists of a three-part test for reasonableness. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991). We review de novo the district court's determination that a relevant factor was not adequately considered by the Sentencing Commission. We review the factual finding that the factor is present in the case under the clearly erroneous standard. Last, we review for abuse of discretion the decision that the factor is significant enough to justify a departure, and the extent of the departure.
 
 
 3
 Flood does not dispute that the district court can depart, when circumstances warrant it, on the ground that the crime caused a death. He does argue that there was insufficient evidence for the district court to find that he shot the victim.
 
 
 4
 Six government witnesses testified at the sentencing hearing. Elijah Smith testified that he and the victim, Tony Mathis, were attacked from behind by Flood and Edward German, also known as Germany or Gemini, as they stood in the street talking to several women on the porch of a house. Smith testified that in the course of the ensuing fight, he saw Flood shoot Mathis. German testified that he had sought out Smith because he was angry at Smith's treatment of Tanya Weathers, his girlfriend and Smith's former girlfriend. He said (to the government's surprise) that he had shot Mathis himself, and that Flood had not been involved. The remaining government witnesses had not seen the shooting, but had been nearby or involved in its aftermath. Geraldine Anderson related that Tanya Weathers called her right after the shooting and told her that Flood had shot Mathis to protect German. Anderson had also visited German in the hospital; he told her Flood had saved his life by shooting Mathis and that he planned to take the blame because he owed Flood his life.
 
 
 5
 Police witnesses presented statements given the night of the murder by Tanya Weathers (who had since disappeared) and Andrena Wise (who had since been killed in an apparently unrelated homicide). Weathers told police that German called her right after the fight and said that Flood had shot Mathis in the back. She had seen Flood with a gun late that afternoon. Wise also talked to Weathers that night and was told that Flood did the shooting. German had given a statement to police a few days later in which he said he was on the ground when Mathis was shot; he did not identify the killer. Ballistic evidence showed that the fatal bullet came from a .32 caliber pistol, but was inconclusive whether it came from the .32 caliber revolver found on Flood when he was arrested early the following morning.
 
 
 6
 One witness testified for Flood. She had seen the shooting but could not identify the person holding the gun. Flood also made a statement on his own behalf in which he denied being involved.
 
 
 7
 The district court found as facts that German and Flood had purposely sought out Smith to exact some sort of revenge for his treatment of Weathers, that in the ensuing fight German was hit in the face with a small dumbbell, and that Flood had shot Mathis. The court found Smith a more credible witness than German. On this record, we cannot say that its factual findings are clearly erroneous.
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Flood was charged with first degree murder in state court following the incident which was the basis for the departure. Charges were dropped after Flood was indicted on federal firearms charges